*In re* Proctor.

---

---

*In re* NAPOLEON B. PROCTOR.

*Sufficicency of certificate of subscribing authority to entitle a debtor to be discharged from arrest.*

The certificate of the subscribing authority to a process, upon which a debtor has been arrested, and submitted himself to an examination, should, in order to justify a discharge, correspond with and meet the affidavit upon which the process issued, and negative so much of it as will leave it insufficient to justify an arrest.

A certificate that the subscribing authority is not of the opinion that the debtor is about to *abscond* is not sufficient, where the affidavit is that he is about to *remove*.

HABEAS CORPUS. The facts sufficiently appear in the opinion of the court, which was delivered by

REDFIELD, CH. J. The relator complains that he is unjustly restrained of his liberty, by means of a writ of execution. He is a resident of the state, and the process issued against his body, on account of the creditor filing an affidavit that he had money secreted and was about to remove out of the state. He caused himself to be brought before the authority signing the process, and, on examination, that magistrate certified, in the words of the statute, that he was not of opinion the debtor was about to abscond, and had money, &c.

It will be apparent, that although the certificate does meet the requisitions of the statute literally, it does not meet the affidavit. Both may be true, and if so, it would seem that the certificate affords no reasonable or just ground for the discharge of the debtor, if the affidavit was sufficient to justify the arrest of the debtor, as it was. This incongruity occurs from a subsequent statute, allowing the capias to issue, on an affidavit of the removal of the debtor, the same as it did at first, if he were about to abscond. But that por-

tion of the statute in regard to the certificate of the clerk or magistrate was not altered to conform to the enlarged provision of the statute in regard to the affidavit. But upon any reasonable rule of construction the certificate should be made to conform to the affidavit. And in a case like the present, the clerk should certify, that he is not of opinion the debtor is about to remove from the state and has money or other property, secreted about his person or elsewhere, sufficient to pay the debt, or exceeding twenty dollars, or substantially to that effect. Any proper form to negative either of the alternatives of removal or having property, which are necessary to be set forth in the affidavit, will be sufficient. The true meaning of the statute is, that the certificate shall negative so much of the affidavit, or to leave it insufficient, to justify the arrest of the body by the process.

As this process is brought to obtain an authoritative construction of the statute in question, it would not be a case for costs, perhaps, which in these matters rest in discretion. As it is presumable the clerk will either upon the former examination, or a new one, as he may judge proper, correct the form of the certificate, so far as the facts justify it, the case need not be retained, as we can do nothing more, as the papers stand, than to remand the prisoner. If the certificate is made to conform to the intimations of the court, the sheriff will probably discharge the debtor. And if questions should again arise the case could be brought up on other papers. Petition dismissed without cost, and the prisoner remaded to his former custody.